JONES v. CHANTRY, appellant.

*Negligence — liability of person directing obstruction to be placed in a highway.*

The defendant put wagons in the highway, on the east side, occupying the passage nearly to the center, and directed sand, drawn for erecting a house, to be deposited on the west side of the highway. The plaintiff, in turning to avoid collision with the wagons, ran upon the heap of sand and was thrown out of his wagon and injured. *Held,* that the defendant, having directed where the sand should be deposited, was not exempted from liability for the injury caused by it, because the person who placed it there was a contractor for the erection of the building in which it was to be used.

APPEAL from a judgment, in favor of the plaintiff, entered upon a verdict and from an order denying a new trial.

The action was brought in Oneida county by John M. Jones against Thomas Chantry, to recover damages for an injury sustained by the plaintiff being thrown from a wagon while driving on a public highway, by reason of obstructions placed, and caused to be placed, in such highway, by the defendant.

The defendant was a wagonmaker, having a shop on the easterly side of the road in question, and allowed wagons to stand in and near the gutter, on that side of the road, extending nearly to the center of the highway, or about eighteen and one-half feet from the gutter. The defendant also owned a lot on the westerly side of the street, northerly from his shop, on which he had contracted with one Jones to put up a brick house. By the contract said Jones was to furnish all the materials, except the brick. Jones had deposited a quantity of sand and lime in the highway, on the west side, extending to within twenty-two feet of the easterly ditch, leaving a space on a straight line between the wagons and sand, of only three and a half feet to drive through. Jones owned the sand and lime deposited in the road, and the man who drew it was in his employ ; but it was proved that the defendant directed and ordered the sand to be put in the highway, in the place where it was put. While the plaintiff was passing along the highway in a wagon, on a dark night, there being no guards or lights about the wagons or the sand, the wheel of his wagon struck and ran upon the pile of sand, and the plaintiff was thrown out and injured.

When the plaintiff rested, the defendant's counsel moved for a nonsuit, on the ground that the action should have been against Jones, the contractor, and upon the evidence could not be maintained against the defendant. The motion was denied and exception taken. The defendant also excepted to a part of the judge's charge in which he said : "If the jury think that the sand was deposited where it was by order or direction of the defendant, then the defendant is liable." Also to a refusal to charge that it was immaterial whether the defendant told Jones where to put the sand, or not.

The jury found a verdict for the plaintiff.

*J. Thomas Spriggs,* for appellant.

*W. Kernan,* for respondent.

GILBERT, J.   The defendant put the wagons on the east side and directed the sand to be deposited on the west side of the highway. In turning to avoid collision with the wagons, the plaintiff ran upon the heap of sand and was thrown out of his wagon and broke his leg.   The defendant is not exempted from liability for the sand being in the highway, because Jones, who put it there, was a contractor; for the reason that he directed where it should be deposited. Add. on Torts, 168; Hill on Torts, ch. 40.

The exceptions taken on the trial are not tenable. · The judgment must be affirmed.

*Judgment affirmed.*